Joel D. Zelkowitz, Esq. (Atty No. 083012014)
USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone  201-342-7100
Fax     201-342-1810
Email: jzelkowitz@uqur.com

Noah A Breazeale, Esq. (Tenn. Bar # 037152)
*Motion for Pro Hac Vice to be filed*
ERIC BUCHANAN & ASSOCIATES, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
Phone  423-634-2506
Fax     423-634-2505
**Attorneys for Plaintiff, Katie Choi**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KATIE CHOI,<br><br>　　Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM GROUP CORP.,<br><br>　　Defendants. | Civil Action No. |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Katie Choi, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay Long-Term Disability ("LTD") benefits due under an employee benefits plan, and for Defendants' other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq., and the subject Employee Welfare Benefit Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the District of New Jersey pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

4. Plaintiff, Katie Choi, (hereinafter "Plaintiff"), was at all relevant times, and is currently a resident of Middlesex County, New Jersey.

5. Defendant Unum Life Insurance Company of America ("Unum Life") is the underwriter of group LTD insurance policy number 912658-001, issued to Plaintiff's former employer, CVS Pharmacy, Inc., and is the party obligated to pay benefits and to determine eligibility for LTD benefits under the Plan.

6. Unum Life is an insurance company authorized to transact the business of insurance in the state of New Jersey.

7. Defendant Unum Group Corporation ("Unum Group") is the parent company of Defendant Unum Life.

8. Defendant Unum Group exercises significant control over the policies and actions of Defendant Unum Life.

9. Defendant Unum Group is the employer of all persons who acted on behalf of Unum Life.

## FACTS

10. Plaintiff was employed by CVS Pharmacy, Inc. as a pharmacist.

11. CVS Pharmacy, Inc. maintained an LTD benefits plan ("the Plan") for the benefit of its employees.

12. LTD benefits under the Plan were funded by Unum Life policy number 912658-001.

13. Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provides LTD benefits under the Plan.

14. Plaintiff ceased work in December 2020 because of significant physical impairments caused by and related to multiple medical conditions, including but not limited to chronic calcific tendonitis, arthralgias of bilateral shoulders and elbows, and inflammatory polyarthropathy. These conditions prevent Plaintiff from performing sedentary work or any occupation requiring sustained upper extremity use.

15. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

16. Plaintiff timely filed an application for LTD benefits under the Plan.

17. Defendants approved Plaintiff's application, and paid benefits until June 2023.

18. By letter dated June 12, 2023, Defendant Unum Life denied Plaintiff's claim for ongoing LTD benefits, claiming that it had identified gainful occupations she could perform despite her medical conditions.

19. Plaintiff appealed Defendants' denial and submitted evidence showing her conditions prevented her from performing the duties of any gainful occupation, including those identified by Defendants.

20. Plaintiff's evidence included updated medical records, medical narratives from her treating physicians, and the results of a functional capacity evaluation showing she possesses less than sedentary functionality and cannot work in any occupation, including those identified by Defendants.

21. During the appeal review, Defendants retained Dr. Neal Greenstein, a physician only board-certified in internal medicine, who reviewed Ms. Choi's medical evidence and concluded there were no medically supported restrictions and limitations. Unum provided a copy of Greenstein's report to Plaintiff and allowed her an opportunity to respond.

22. In response, Plaintiff informed Defendants that Greenstein did not have the appropriate specialty to evaluate her conditions, that his opinion was contradicted by the medical evidence in Defendants' possession, and that Dr. Greenstein's conclusions were based primarily on his own mischaracterization of the video-surveillance footage previously obtained by Defendants.

23. Plaintiff also pointed out that Greenstein's report was comprised mostly of boilerplate and formulaic language superficially supporting denial, and that Greenstein had concurrently authored largely identical reports for Defendants to support the denial of two other LTD claimants.

24. Despite all the evidence supporting Plaintiff's disability and the evidence showing Dr. Greenstein's opinions were unreliable, Defendants continued to rely on Greenstein's opinions and upheld the denial of Plaintiff's claim by letter dated February 28, 2024.

25. The letter confirmed the Plaintiff had exhausted her administrative remedies and had a right to bring a lawsuit under ERISA § 502(a) to challenge the denial of her benefits.

26. Accordingly, Plaintiff has exhausted her required administrative remedies with respect to the LTD claim.

27. The Plan does contain an appropriate grant of discretion to Defendants and therefore the arbitrary and capricious standard of review is applicable to Plaintiff's claims.

28. The entities that made the decisions to deny benefits would pay any benefits due out of their own funds.

29. The entities that made the decisions to deny benefits were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

30. The entities that made the decisions to deny benefits allowed their concern over their own funds to influence their decision-making.

31. Unum's conflict of interest and bias is evident in the fact that it establishes monthly financial targets that encourage and incentivize its claims handlers to terminate a specified number of claims every month.

32. The monthly financial targets for denying claims are called "recovery plans," "recovery guidance," or words to that effect, and are provided by Unum's finance department to Unum's Assistant Vice Presidents and Directors who supervise and conduct claims handling.

33. The monthly targets, or "recovery plans," include the count of total claims that should be recovered.

34.     Internal documents reveal that financial targets and goals for claim closures are set at the unit level and that there are goals set for open claim recoveries (i.e., denying an open claim) per day.  (See <u>Exhibit 1</u>, Weekly Tracking Reports).

35.     In order to receive bonuses under Unum's incentive program, Unum employees are evaluated against certain criteria, which include planned claim terminations, expected liability acceptance rates, and anticipated reopen rates. (see e.g., <u>Exhibit 2</u>, ID Director Scorecards).

36.     Plaintiff's counsel recently took the deposition of the Assistant Vice President, Marianne Justin, who was a Unum AVP similarly situated to the AVP overseeing the Director and the DBS who evaluated Plaintiff's claim.  Ms. Justin confirmed that she received "financial guidance" each month.  (See <u>Exhibit 3</u>, selected excerpts from the Deposition of Marianne Justin, p. 47:23-51:6).

37.     Ms. Justin also received a Weekly Tracking Report each Monday that contained new financial target numbers for her team.  *Id.* at, 103:11-18.  Ms. Justin explained that she shares the Weekly Tracking Reports with her team in weekly meetings on each Tuesday. *Id.* at, 80:13-82-21; 99:15-100:22.

38.     Directors in AVP Justin's team are expected to be familiar with how the Weekly Tracking Reports are formatted, how they work, and what their data means for their team. *Id.* at, 103:11-105:9.

39.     AVP Justin confirmed that whether Unum's AVPs meet the financial metrics is part of their performance evaluation. *Id.* at, 136:9-16.

40.     Ms. Justin provided additional testimony and referred to additional documents that are relevant to Unum's conflict of interest, but that testimony and evidence is currently designated "confidential."

6

41. Defendants targeted Plaintiff's claim for termination in order to meet their financial goals.

42. Defendants' targeting of Plaintiff's claim for denial taints all evidence it developed during the review of her claim as the review was designed to reach the result of a denial, not an impartial weighing of the evidence.

43. Unum relied on the opinions of its in-house doctors and hired physicians to deny Plaintiff's claim, each of which evaluated only the paper medical records and none of which personally examined him.

44. Relying on in-house or retained paper reviewers is in keeping with Unum's standard practice, as it excessively relies on the opinions of its retained doctors in deciding all of its claims.

45. When asked to perform a written review of a claim, Unum's in-house and hired doctors overwhelmingly conclude that claimants do not have restrictions and limitations preventing them from working.

46. When Unum's in-house or hired doctors disagree with a claimant's treating providers, Unum credits their doctors every single time, without exception, no matter how many treating doctors support the claim, the specialty of the supportive doctors, or the relative feebleness of the opinions given by their doctors.

47. Defendants have acted under a policy to take advantage of the potential applicability of ERISA to claims.

48. The Defendants' decision-making process violated ERISA by failing to give the Plaintiff a full and fair review of the claim.

49. The Defendants' decision-making process violated the terms of the applicable ERISA Plans and ERISA law and regulations.

50. The Defendants' decision to deny benefits was wrong under the terms of the Plan and under ERISA, and was arbitrary and capricious.

**FIRST CAUSE OF ACTION
FOR PLAN BENEFITS AGAINST THE DEFENDANT
PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

51. Under the terms of the Plan, Defendants agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

52. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

53. Defendants failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

54. The decisions to terminate benefits were wrong under the terms of the Plan.

55. The decisions to terminate benefits and decision-making processes were arbitrary and capricious.

56. The decisions to deny benefits were not supported by substantial evidence in the record.

57. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

58. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to

suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action**:

1. A finding in favor of Plaintiff against Defendants;

2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and post-judgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

5. An Order requiring Plan or appropriate Plan fiduciary to provide Plaintiff with any other employment benefits to which she would be entitled pursuant to a finding that she is disabled under the Plan or under any other employee welfare benefit plan;

6. Plaintiff's reasonable attorney fees and costs; and

7. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

                                        Respectfully submitted,

                                        USCHER, QUIAT, USCHER & RUSSO
                                        A Professional Corporation
                                        433 Hackensack NJ, 07601
                                        Phone 201-342-7100
                                        Fax:   201-342-1810
                                        Email: jzelkowitz@uqur.com

Dated:  May 22, 2024                    /s/Joel D. Zelkowitz
                                        JOEL D. ZELKOWITZ
                                        Attorney ID No. 083012014
                                        ***Attorney for Plaintiff, Katie Choi***


                                        ERIC BUCHANAN & ASSOCIATES, PLLC
                                        ATTORNEYS FOR PLAINTIFF
                                        414 McCallie Avenue
                                        Chattanooga, TN 37402
                                        Phone  423-634-2506
                                        Fax      423-634-2505
                                        Nbreazeale@buchanandisability.org.

Dated:  May 22, 2024                    /s/Noah Breazeale
                                        NOAH A. BREAZEALE
                                        TN BPR 037152
                                        ***Attorney for Plaintiff, Katie Choi***